UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO RAMIREZ, | 1:12-CV-01710 LJO GSA HC |
| Petitioner, | |
| | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PAUL COPENHAVER, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**DISCUSSION**

On October 18, 2012, Petitioner filed the instant petition for writ of habeas corpus. Petitioner complains that he is being detained in the Secured Housing Unit ("SHU") in violation of his rights under the Fifth and Eighth Amendments. He requests the Court to order his release to the general population.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal

1 context, <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388
2 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. <u>C.f.</u>, <u>Badea</u>
3 <u>v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners
4 should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

5 　　　　In this case, Petitioner's complaints involve the conditions of his confinement, not the fact or
6 duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief and this petition
7 should be dismissed.  Should Petitioner wish to pursue his claims, Petitioner should do so by way of
8 a civil rights complaint pursuant to <u>Bivens,</u> 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

**RECOMMENDATION**

10 　　　　Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
11 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
12 corpus relief.

13 　　　　This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
14 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
15 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.
16 Within thirty (30) days after date of service, any party may file written objections with the Court.
17 Such a document should be captioned "Objections to Magistrate Judge's Findings and
18 Recommendation."  Replies to the objections shall be served and filed within ten (10) days after
19 service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28
20 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified
21 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
22 Cir. 1991).

24 　　　　IT IS SO ORDERED.
25 　　　　Dated:   **January 28, 2013**　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE